ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
MAY - 3 2019
at 9 o'clock and 56 min. A M
SUE BEITIA, CLERK

| | |
|---|---|
| JOSHUA BOKELMAN and SUCHANDRA THAPA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FCH ENTERPRISES, INC.<br><br>Defendant. | Civil No. 18-00209 RJB-RLP<br>(Class Action)<br><br>[~~PROPOSED~~] AMENDED FINAL APPROVAL ORDER AND JUDGMENT |

### [PROPOSED] AMENDED FINAL APPROVAL ORDER AND JUDGMENT

On November 26, 2018, the Court entered an order granting preliminary approval (the "Preliminary Approval Order") to the November 16, 2018 Settlement Agreement and Release ("Settlement Agreement") between Plaintiffs Joshua Bokelman and Suchandra Thapa, individually and on behalf of the Settlement Class (as defined below), and Defendant FCH Enterprises, Inc. ("FCH"). Dkt. # 49.[1]

Commencing on January 4, 2019, pursuant to the notice requirements in the Settlement Agreement and the Preliminary Approval Order, CPT Group, Inc. (the

---

[1] Capitalized terms used in this Final Approval Order shall have the same meanings as defined in the Settlement Agreement unless otherwise expressly stated.

"Claims Administrator") began providing notice to Settlement Class Members in compliance with Section IV of the Settlement Agreement and the Notice Program, due process, and Rule 23 of the Federal Rules of Civil Procedure. The notice:

> (a) fully and accurately informed Settlement Class Members about the Litigation and the existence and terms of the Settlement Agreement;
>
> (b) advised Settlement Class Members of their right to request exclusion from the Settlement and provided sufficient information so that Settlement Class Members were able to decide whether to accept the benefits offered, opt-out and pursue their own remedies, or object to the proposed settlement;
>
> (c) provided procedures for Settlement Class Members to file written objections to the proposed settlement, to appear at the Final Approval Hearing, and to state objections to the proposed settlement; and
>
> (d) provided the time, date, and place of the Final Approval Hearing.

On May 3, 2019, the Court held a Final Approval Hearing to determine whether the proposed settlement is fair, reasonable and adequate and whether judgment should be entered dismissing this Litigation with prejudice. The Court reviewed: (a) the Motion for Final Approval (the "Motion") and all supporting materials, including but not limited to the Settlement Agreement; (b) any objections filed with or presented to the Court; and (c) the Parties' responses to any objections. The Court also considered the oral argument of counsel and any objectors who appeared. Based on this review and the findings below, the Court finds good cause to grant the Motion.

**IT IS HEREBY ORDERED:**

1. The Court has jurisdiction over the subject matter of this Litigation,

all claims raised therein, and all Parties thereto, including the Settlement Class.

2. The Settlement Agreement is fair, reasonable, adequate and in the best interests of Settlement Class Members. The Settlement Agreement was negotiated at arm's length, in good faith and without collusion, by capable and experienced counsel, with full knowledge of the facts, the law, and the risks inherent in litigating the Litigation, and with the active involvement of the Parties. Moreover, the Settlement Agreement confers substantial benefits on the Settlement Class Members, is not contrary to the public interest, and will provide the Parties with repose from litigation. The Parties faced significant risks, expense, and uncertainty from continued litigation of this matter, which further supports the Court's conclusion that the settlement is fair, reasonable, adequate and in the best interests of the Settlement Class Members.

3. The Court grants final approval of the Settlement Agreement in full, including but not limited to the releases therein and the procedures for distribution of the Settlement Fund. All Settlement Class Members who have not excluded themselves from the Settlement Class are bound by this Final Approval Order and Judgment.

4. The Parties shall carry out their respective obligations under the Settlement Agreement in accordance with its terms. The relief provided for in the Settlement Agreement shall be made available to the various Settlement Class

Members submitting valid Claim forms, pursuant to the terms and conditions in the Settlement Agreement. The Settlement Agreement is incorporated herein in its entirety as if fully set forth herein and shall have the same force and effect of an order of this Court.

## OBJECTIONS AND REQUESTS FOR EXCLUSION

5. _No_ objections to the Settlement were filed by Settlement Class Members. The Court has considered all objections and finds that they do not warrant or support rejection or non-approval of the Settlement. All objections are hereby overruled in all respects. All persons who did not object to the Settlement in the manner set forth in the Settlement Agreement are deemed to have waived any objections, including but not limited to by appeal, collateral attack, or otherwise.

6. Attached hereto as Exhibit 1 is a list of persons who made valid and timely requests to be excluded from the Settlement and the Settlement Class (the "Opt-Out Members"). The Opt-Out Members are not bound by the Settlement Agreement and this Final Approval Order and shall not be entitled to any of the benefits afforded to Settlement Class Members under the Settlement Agreement.

## CERTIFICATION OF THE SETTLEMENT CLASS

7. Solely for purposes of the Settlement Agreement and this Final Approval Order and Judgment, the Court hereby certifies the following Settlement

Class:

> All residents of the United States who used a credit or debit card to make a purchase at any FCH Restaurant[2] during the Class Period. The Settlement Class specifically excludes: (i) FCH and its officers and directors; (ii) all Settlement Class Members who successfully Opt Out from the Settlement Class; (iii) the Judge or Magistrate Judge to whom the action is assigned and any member of those Judges' staffs or immediate family members; and (iv) any other person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the Security Incident or who pleads *nolo contendere* to any such charge.

8. The Court incorporates its preliminary conclusions in the Preliminary Approval Order (Dkt. # 49) regarding the satisfaction of Federal Rules of Civil Procedure 23(a) and 23(b). Because the Settlement Class is certified solely for purposes of settlement, the Court need not address any issues of manageability for litigation purposes.

9. The Court grants final approval to the appointment of Representative Plaintiffs Joshua Bokelman and Suchandra Thapa as the class representatives, and concludes that they have fairly and adequately represented the Settlement Class and shall continue to do so.

10. The Court grants final approval to the appointment of the law firms of Wolf Haldenstein Adler Freeman & Herz LLP, The Sultzer Law Group P.C., and

---

[2] "FCH Restaurants" means the following restaurants owned and/or operated by FCH: Zippy's Restaurants, Napoleon's Bakery, Kahala Sushi, Pearl City Sushi and Pomaikai'i Ballrooms. "FCH Restaurants" does not include A Catered Experience or Food Solutions International.

Bickerton Law Group, LLLP as Class Counsel. Class Counsel have fairly and adequately represented the Settlement Class and shall continue to do so.

## NOTICE TO THE CLASS

11. The Court finds that the Notice Program, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order: (i) was the best notice practicable under the circumstances; (ii) was reasonably calculated to provide, and did provide due and sufficient notice to the Settlement Class regarding the existence and nature of the Litigation, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and the rights of Settlement Class Members to exclude themselves from the Settlement Agreement, to object and appear at the Final Approval Hearing, and to receive benefits under the Settlement Agreement; and (iii) satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable law.

12. The Court finds that FCH has satisfied the notice requirements of the Class Action Fairness Act, 28 U.S.C. § 1715.

## ATTORNEYS' FEES AND COSTS, SERVICE AWARDS

13. The Court awards Class Counsel $ 241,667 in fees and reimbursement of $ 16,401.52 in costs. The Court finds these amounts to be fair and reasonable. Payment shall be made from the Settlement Fund pursuant to

the procedures in paragraph 9.3 of the Settlement Agreement.

14. The Court awards Representative Plaintiffs Joshua Bokelman and Suchandra Thapa $ 5,000 each as a service award. The Court finds this amount is justified by their service to the Settlement Class. Payment shall be made from the Settlement Fund pursuant to the procedures in paragraph 9.3 of the Settlement Agreement.

## RELEASES

15. <u>Release of FCH and Released Persons</u>. Each Settlement Class Member, including Representative Plaintiffs, are: (1) deemed to have completely and unconditionally released, forever discharged and acquitted FCH and the Released Persons from all claims arising out of or asserted in the Litigation and all Released Claims released under the Settlement Agreement; and (2) barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, these claims. The full terms of the release described in this paragraph are set forth in Paragraphs 1.31 and 8.1 of the Settlement Agreement and are specifically approved and incorporated herein by this reference (the "Release"). In addition, Representative Plaintiffs and each Settlement Class Member are deemed to have waived (i) the provisions of California Civil Code· § 1542, which provides that a general release does not extend to claims that the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if

known by him or her must have materially affected his or her settlement with the debtor, and (ii) any law of any state or territory of the United States that is similar, comparable, or equivalent to California Civil Code § 1542.

For clarity, Released Claims do not include any claims asserted against FCH or any of the Released Parties by any federal, state, or local government agency or similar authority, arising out of any statutes, rules, regulations or ordinances over which any such entity has jurisdiction, provided that such claims shall not result in or allow a double recovery for any Class Member. Nothing in this Final Approval Order or the Settlement Agreement shall prohibit any Settlement Class Member from contacting or addressing, responding to, cooperating or complying with any request, inquiry, investigation, subpoena or summons by any federal, state, or local government agency or similar authority, or from responding to judicial process relating to any of the Released Claims.

16. <u>Release of Representative Plaintiffs and Representative Plaintiffs' Released Persons</u>. FCH is deemed to have completely and unconditionally released, forever discharged and acquitted Representative Plaintiffs and Representative Plaintiffs' Released Persons from all claims arising out of, relating to or in connection with the institution, prosecution, assertion, defense, settlement or resolution of the Litigation. Notwithstanding the preceding sentence, any claims against Representative Plaintiffs or the Representative Plaintiffs' Released Persons

related to the content, completeness or truthfulness of Settlement Claims, or the Settlement Claim submission and dispute process set forth in Section VII of the Settlement Agreement are not released.

17. The Settlement Agreement and this Final Approval Order apply to all claims or causes of action settled under the Settlement Agreement, and binds Representative Plaintiffs and all Settlement Class Members who did not properly request exclusion. The Settlement Agreement and this Final Approval Order shall have maximum res judicata, collateral estoppel, and all other preclusive effect in any and all causes of action, claims for relief, suits, demands, petitions, or any other challenges or allegations that arise out of or relate to the subject matter of the Litigation and/or the Complaint.

## OTHER PROVISIONS

18. The Settlement Fund, consisting of seven hundred twenty five thousand dollars and no cents ($725,000.00), shall be used to pay all Awards and payments to Settlement Class Members, the Attorneys' Fees and Expenses Award to Class Counsel, and the Representative Plaintiffs' Award.

19. All costs of Claims Administration, CAFA Notice, and notice to the Settlement Class as required under Section IV, shall be paid by FCH separate from the Settlement Fund, as set forth in Paragraph 2.6 of the Settlement Agreement.

20. If any money remains in the Settlement Fund after the payment of all

Awards and payments to Settlement Class Members, the Attorneys' Fees and Expenses Award to Class Counsel, and the Representative Plaintiffs' Award, the Court directs the Parties and the Claims Administrator to distribute all such remaining funds to the *cy pres* recipient named in Paragraph 7.6 of the Settlement Agreement. The Court finds that CyberHawaii, as the *cy pres* recipient, will use the funds in a way that provides an indirect benefit to the Settlement Class Members consistent with the Settlement Class Members' claims asserted in the Litigation.

21. The Settlement Agreement and this Final Approval Order, and all documents, supporting materials, representations, statements and proceedings relating to the Settlement, are not, and shall not be construed as, used as, or deemed evidence of, any admission by or against FCH of liability, fault, wrongdoing, or violation of any law, or of the validity or certifiability for litigation purposes of the Settlement Class or any claims that were or could have been asserted in the Litigation.

22. The Settlement Agreement and this Final Approval Order, and all documents, supporting materials, representations, statements and proceedings relating to the Settlement shall not be offered or received into evidence, and are not admissible into evidence, in any action or proceeding, except that the Settlement Agreement and this Final Approval Order may be filed in any action by FCH or the

Settlement Class Members seeking to enforce the Settlement Agreement or the Final Approval Order.

23. The Court hereby dismisses the Action in its entirety with prejudice, and without fees or costs except as otherwise provided for herein.

24. Consistent with Paragraphs 10.4 and 10.5 of the Settlement Agreement, if the Effective Date does not occur for any reason, the following will occur: (a) the Final Approval Order and Judgment and all of their provisions, will be vacated, including, but not limited to the Attorneys' Fees and Expenses Award and the Representative Plaintiffs' Award, and the Final Approval Order and Judgment will not waive, release or otherwise impact the Parties' rights or arguments in any respect; and (b) the Litigation will revert to the status that existed before the Settlement Agreement's execution date, and the Parties shall be restored to their respective positions in the Litigation as if the Settlement Agreement had never been entered into. No term or draft of this Settlement Agreement, or any part of the Parties' settlement discussions, negotiations, or documentation will have any effect or be admissible in evidence for any purpose in the Litigation.

25. Consistent with Paragraph 2.3.3 of the Settlement Agreement, the Parties, the Claims Administrator and the Claims Referee shall protect as confidential all information submitted by Settlement Class Members in connection with a Settlement Claim. Neither this Final Approval Order nor the Settlement

Agreement prohibits the disclosure of such information by Settlement Class Members, the Parties, the Claims Administrator, or the Claims Referee in any contact with or to address, respond to, cooperate or comply with any request, inquiry, investigation, subpoena or summons by any federal, state, or local government agency or similar authority, or to respond to judicial process, relating to any of the Released Claims.

26. Without affecting the finality of this Final Approval Order, the Court will retain jurisdiction over this Litigation and the Parties with respect to the interpretation, implementation and enforcement of the Settlement Agreement for all purposes.

**NOW, THEREFORE,** the Court hereby enters judgment in this matter pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**APPROVED AND SO ORDERED:**

Dated this 3d day of ~~April~~ May, 2019.

*/s/ Robert J. Bryan*

ROBERT J. BRYAN
United States District Judge

---

Joshua Bokelman, et al. v. FCH Enterprises, Inc., Civil No. 18-00209 RJB-RLP; [PROPOSED] AMENDED FINAL APPROVAL ORDER AND JUDGMENT